UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

ADAM BURNS,

                Petitioner,                      Case No. 1:24-cv-1307

v.                                         Honorable Sally J. Berens

JOHN CHRISTIANSEN,

                Respondent.

_____/

**OPINION**

This is a habeas corpus action brought by a state prisoner under 28 U.S.C. § 2254. As part of a preliminary review of the petition under Rule 4 of the Rules Governing § 2254 Cases, the Court noted that it appeared that Petitioner had failed to timely file his petition. (Op., ECF No. 5.) The Court therefore entered an order directing Petitioner to show cause within 28 days why his petition should not be dismissed as untimely. (Order, ECF No. 6.) More than 28 days have passed, and Petitioner has not responded.

Pursuant to 28 U.S.C. § 636(c) and Rule 73 of the Federal Rules of Civil Procedure, Petitioner consented to proceed in all matters in this action under the jurisdiction of a United States magistrate judge. (§ 2254 Pet., ECF No. 1, PageID.13.) Section 636(c) provides that "[u]pon the consent of the parties, a full-time United States magistrate judge . . . may conduct any or all proceedings in a jury or nonjury civil matter and order the entry of judgment in the case . . . ." 28 U.S.C. § 636(c).

This case is presently before the Court for preliminary review pursuant to 28 U.S.C. § 2253 and Rule 4 of the Rules Governing § 2254 Cases. The Court is required to conduct this initial review prior to the service of the petition. Rule 4, Rules Governing § 2254 Cases.

Service of the petition on the respondent is of particular significance in defining a putative respondent's relationship to the proceedings. "An individual or entity named as a defendant is not obliged to engage in litigation unless notified of the action, and brought under a court's authority, by formal process." *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347 (1999). "Service of process, under longstanding tradition in our system of justice, is fundamental to any procedural imposition on a named defendant." *Id.* at 350. "[O]ne becomes a party officially, and is required to take action in that capacity, only upon service of a summons or other authority-asserting measure stating the time within which the party served must appear and defend." *Id.* (citations omitted). That is, "[u]nless a named defendant agrees to waive service, the summons continues to function as the *sine qua non* directing an individual or entity to participate in a civil action or forgo procedural or substantive rights." *Id.* at 351.

Rule 4, by requiring courts to review and even resolve the petition before service, creates a circumstance where there may only be one party to the proceeding—the petitioner. Because Respondent has not yet been served, the undersigned concludes that Respondent is not presently a party whose consent is required to permit the undersigned to conduct a preliminary review of the petition. *See Neals v. Norwood*, 59 F.3d 530, 532 (5th Cir. 1995) ("The record does not contain a consent from the defendants[; h]owever, because they had not been served, they were not parties

to th[e] action at the time the magistrate entered judgment.").[1] Petitioner's consent is sufficient to permit the undersigned to conduct the Rule 4 review.

The Court conducts a preliminary review of the petition under Rule 4 to determine whether "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (discussing that a district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436–37 (6th Cir. 1999). The Court may also *sua sponte* dismiss a habeas action as time-barred under 28 U.S.C. § 2244(d). *Day v. McDonough,* 547 U.S. 198, 209 (2006).

As noted above, the Court afforded Petitioner an opportunity to demonstrate why his petition should not be dismissed as untimely. Petitioner failed to respond. Accordingly, the Court will dismiss the Section 2254 petition as untimely.

---

[1] *But see Coleman v. Lab. & Indus. Rev. Comm'n of Wis.*, 860 F.3d 461, 471 (7th Cir. 2017) (concluding that, when determining which parties are required to consent to proceed before a United States magistrate judge under 28 U.S.C. § 636(c), "context matters" and the context the United States Supreme Court considered in *Murphy Bros.* was nothing like the context of a screening dismissal pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c)); *Williams v. King*, 875 F.3d 500, 503–04 (9th Cir. 2017) (relying on Black's Law Dictionary for the definition of "parties" and not addressing *Murphy Bros.*); *Burton v. Schamp*, 25 F.4th 198, 207 n.26 (3d Cir. 2022) (premising its discussion of "the term 'parties' solely in relation to its meaning in Section 636(c)(1), and . . . not tak[ing] an opinion on the meaning of 'parties' in other contexts").

**Discussion**

I.      **Factual Allegations**

Petitioner Adam Burns is incarcerated with the Michigan Department of Corrections at the

St. Louis Correctional Facility (SLF) in St. Louis, Gratiot County, Michigan. Petitioner is serving

a sentence of 9 to 30 years, imposed on September 4, 2018, after he pleaded *nolo contendere* to

one charge of criminal sexual conduct-1st degree (CSC-I) in the Ottawa County Circuit Court.[2]

*See* Offender Tracking Information System (OTIS), https://mdocweb.state.mi.us/otis2/otis2profil

e.aspx?mdocNumber=380649m (last visited Jan. 25, 2025).

Petitioner used this Court's form petition to prepare his Section 2254 petition, but his

handwriting is scarcely legible. Petitioner suggests that a "reporting officer" never conducted a

rape kit on the victim. (§ 2254 Pet., ECF No. 1, PageID.5.) He also appears to raise a claim

regarding a suspicious report from 2009. (*Id.*, PageID.7.) Petitioner suggests further that the victim

lied because she initially said that Petitioner penetrated her with an unknown object but later said

Petitioner sodomized her. (*Id.*, PageID.8, 10.) Throughout his petition, Petitioner indicates that he

did not seek to appeal his plea and sentence to the Michigan Court of Appeals.

Under Sixth Circuit precedent, the application is deemed filed when handed to prison

authorities for mailing to the federal court. *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002).

Petitioner did not date his Section 2254 petition. The envelope in which he mailed his petition is

---

[2] It appears that a jury initially convicted Petitioner of one count of CSC-III and one count of
kidnapping. *See* https://mdocweb.state.mi.us/otis2/otis2profile.aspx?mdocNumber=380649 (last
visited Dec. 16, 2024). Those inactive convictions note an offense date of June 24, 2009, the same
date as the date of offense for Petitioner's CSC-I conviction. *See id.* OTIS indicates that Petitioner
was discharged from the sentences imposed for the CSC-III and kidnapping convictions on January
22, 2018. *Id.*

postmarked December 9, 2024. (§ 2254 Pet., ECF No. 1, PageID.14.) The Court received the

petition on December 13, 2024. A prisoner can establish timely filing under the prison mailbox

rule by providing other evidence, such as a postmark or date-stamp, indicating timely filing. *See*

*United States v. Smotherman*, 838 F.3d 736, 738 (6th Cir. 2016). Here, because Petitioner did not

date his petition, the Court will deem December 9, 2024, the postmarked date, to be the date on

which Petitioner filed his Section 2254 petition.

## II.     Statute of Limitations

Petitioner's application appears to be barred by the one-year statute of limitations provided

in 28 U.S.C. § 2244(d)(1), which became effective on April 24, 1996, as part of the Antiterrorism

and Effective Death Penalty Act, Pub. L. No. 104-132, 110 Stat. 1214 (AEDPA). Section

2244(d)(1) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas
> corpus by a person in custody pursuant to the judgment of a State court. The
> limitation period shall run from the latest of--
>
>> (A)     the date on which the judgment became final by the conclusion of
>> direct review or the expiration of the time for seeking such review;
>>
>> (B)     the date on which the impediment to filing an application created by
>> State action in violation of the Constitution or laws of the United States is
>> removed, if the applicant was prevented from filing by such State action;
>>
>> (C)     the date on which the constitutional right asserted was initially
>> recognized by the Supreme Court, if the right has been newly recognized
>> by the Supreme Court and made retroactively applicable to cases on
>> collateral review; or
>>
>> (D)     the date on which the factual predicate of the claim or claims
>> presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

A.    **Timeliness Under Section 2244(d)(1)(A)**

In most cases, Section 2244(d)(1)(A) provides the operative date from which the one-year limitations period is measured. Under that provision, the one-year limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). In his petition, Petitioner acknowledges that he did not seek to appeal his plea and sentence to the Michigan Court of Appeals. Moreover, public dockets do not reflect any appellate proceedings initiated by Petitioner.

Where a petitioner has failed to pursue an avenue of appellate review available to him, the time for seeking review at that level is counted under Section 2244(d)(1)(A). *See* 28 U.S.C. § 2244(d)(1)(A) (stating that the time for filing a petition pursuant to Section 2254 runs from "the date on which the judgment became final by the conclusion of direct review *or the expiration of time for seeking such review*" (emphasis added)). However, such a petitioner is not entitled to also count the 90-day period during which he could have filed a petition for certiorari to the United States Supreme Court. *See Gonzalez v. Thaler*, 565 U.S. 134, 152–53 (2012) (holding that, because the Supreme Court can review only judgments of a state's highest court, where a petitioner fails to seek review in the state's highest court, the judgment becomes final when the petitioner's time for seeking that review expires).

Under Michigan law, a party who has entered a plea of *nolo contendere* cannot appeal as of right to the Michigan Court of Appeals and instead must seek leave to appeal. *See* Mich. Ct. Rule 7.203(A)(1)(b). A criminal defendant may apply for leave to appeal a final judgment within the later of 6 months after entry of the judgment or 42 days after entry of: (1) an order appointing appellate counsel, (2) the filing of transcripts; (3) an order deciding a timely motion to withdraw plea, motion for directed verdict, motion to correct invalid sentence, or motion for a new trial; or (4) an order regarding a timely motion for reconsideration of one of those four motions. *See* Mich.

Ct. Rule. 7.205(A)(2). Here, Petitioner does not provide any indication that the 42-day period would apply. Thus, Petitioner's judgment of conviction became final six months after sentence was imposed on September 4, 2018, or on Monday, March 4, 2019. Petitioner had one year from that date,[3] until March 4, 2020, to file his habeas application. Petitioner filed on December 9, 2024. Obviously, absent tolling, Petitioner filed more than one year after the time for direct review expired.

### B.    Statutory Tolling

The running of the statute of limitations is tolled when "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); *see also Duncan v. Walker*, 533 U.S. 167, 181–82 (2001) (limiting the tolling provision to only State, and not Federal, processes); *Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (defining "properly filed"). In his petition, Petitioner indicates that he did not file any applications for state post-conviction review. (§ 2254 Pet., ECF No. 1, PageID.9.) Moreover, as noted above, public dockets do not reflect any appellate proceedings initiated by Petitioner. Thus, at this time, it does not appear that Petitioner is entitled to statutory tolling of the limitations period, and that the limitations period expired on March 4, 2020.

### C.    Equitable Tolling

The one-year limitations period applicable to Section 2254 is also subject to equitable tolling. *See Holland v. Florida*, 560 U.S. 631, 645 (2010). A petitioner bears the burden of showing that he is entitled to equitable tolling. *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004). The Sixth Circuit repeatedly has cautioned that equitable tolling relief should be granted "sparingly." *See, e.g., Ata v. Scutt,* 662 F.3d 736, 741 (6th Cir. 2011), *Solomon v. United States*, 467 F.3d 928, 933

---

[3] The Sixth Circuit recently confirmed that the one-year period of limitation runs to and includes the anniversary of the finality date. *See Moss v. Miniard*, 62 F.4th 1002, 1009–10 (6th Cir. 2023).

(6th Cir. 2006); *Souter v. Jones*, 395 F.3d 577, 588 (6th Cir. 2005); *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002). A petitioner seeking equitable tolling must show: "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland*, 560 U.S. at 649 (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

Petitioner does not raise any arguments regarding equitable tolling. The fact that Petitioner is untrained in the law, is proceeding without an attorney, or may have been unaware of the statute of limitations also does not warrant tolling. *See Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 464 (6th Cir. 2012) ("Keeling's *pro se* status and lack of knowledge of the law are not sufficient to constitute an extraordinary circumstance and to excuse his late filing."); *Allen v. Yukins*, 366 F.3d at 403 ("'[I]gnorance of the law alone is not sufficient to warrant equitable tolling.'") (quoting *Rose v. Dole*, 945 F.2d 1331, 1335 (6th Cir. 1991)). Accordingly, Petitioner is not entitled to equitable tolling of the statute of limitations.

### D.    Actual Innocence

In *McQuiggin v. Perkins*, 569 U.S. 383 (2013), the Supreme Court held that a habeas petitioner who can show actual innocence under the rigorous standard of *Schlup v. Delo*, 513 U.S. 298 (1995), is excused from the procedural bar of the statute of limitations under the miscarriage-of-justice exception. "'[A]ctual innocence' means factual innocence." *Bousley v. United States*, 523 U.S. 614, 624 (1998).

In order to make a showing of actual innocence under *Schlup*, a petitioner must present new evidence showing that "it is more likely than not that no reasonable juror would have convicted [the petitioner.]" *McQuiggin*, 569 U.S. at 399 (quoting *Schlup*, 513 U.S. at 327 (addressing actual innocence as an exception to procedural default)). Because actual innocence provides an exception to the statute of limitations rather than a basis for equitable tolling, a

petitioner who can make a showing of actual innocence need not demonstrate reasonable diligence in bringing his claim, though a court may consider the timing of the claim in determining the credibility of the evidence of actual innocence. *Id.* at 399–400.

In the instant case, Petitioner baldly claims that his Section 2254 petition should be deemed timely because he "did not know all the evidence [he] know[s] now." (§ 2254 Pet., ECF No. 1, PageID.12.) Petitioner, however, does not describe the nature of any new evidence, nor does he proffer any new evidence of his innocence, must less evidence that makes it more likely than not that no reasonable juror would have convicted him. *Schlup*, 513 U.S. at 327, 329. Because Petitioner has wholly failed to provide evidence of his actual innocence, he would not be excused from the statute of limitations under 28 U.S.C. § 2244(d)(1).

### E.    Timeliness under § 2244 (d)(1)(B)–(D)

While Petitioner's Section 2254 petition is untimely under Section 2244(d)(1)(A), that "subsection . . . provides one means of calculating the limitation with regard to the 'application' as a whole . . . judgment, but three others . . . require claim-by-claim consideration." *Pace*, 544 U.S. at 416 n.6. Petitioner provides no assertions that he was impeded from filing his Section 2254 petition by State action, nor does he rely upon a new right made retroactively applicable to cases on collateral review. Thus, Sections 2244(d)(1)(B) and 2244(d)(1)(C) do not apply.

Petitioner also does not set forth any facts suggesting that Section 2244(d)(1)(D) renders his Section 2254 petition timely filed. As set forth above, that subsection provides that the limitations period commences on "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." Under Section 2244(d)(1)(D), the time under the limitations period begins to run is when a petitioner knows, or through due diligence, could have discovered, the important facts for his claims, not when the petitioner recognizes the legal significance of the facts. *See Redmond v. Jackson*, 295 F. Supp. 2d

9

767, 771 (E.D. Mich. 2003) (citing *Owens v. Boyd*, 235 F.3d 356, 359 (7th Cir. 2000). "The question under the provision is not when prisoners first learned of the new evidence; it is when they should have learned of the new evidence had they exercised reasonable care." *Townsend v. Lafler*, 99 F. App'x 606, 608 (6th Cir. 2004). Section 2244(d)(1)(D) "does not convey a statutory right to an extended delay while a petitioner gathers every possible scrap of evidence that might support his claim. *Redmond*, 295 F. Supp. 2d at 771 (quoting *Sorce v. Artuz*, 73 F. Supp. 2d 292, 294-95 (E.D.N.Y. 1999))." "Rather, it is the actual or putative knowledge of the pertinent facts of a claim that starts the clock running on the date on which the factual predicate of the claim could have been discovered through due diligence, and the running of the limitations period does not await the collection of evidence which supports the facts, including supporting affidavits." *Id.* at 772 (citing *Tate v. Pierson*, 177 F. Supp. 2d 792, 800 (N.D. Ill. 2001), and *Flanagan v. Johnson*, 154 F.3d 196, 198–99 (5th Cir. 1998)).

Furthermore, a habeas petitioner has the burden of proof in establishing that he exercised due diligence in searching for the factual predicate of the habeas claims. *Stokes v. Leonard*, 36 F. App'x 801, 804 (6th Cir. 2002). Unsupported and conclusory arguments are insufficient to warrant application of § 2244(d)(1)(D). *Redmond*, 295 F. Supp. 2d at 772; *Grayson v. Grayson*, 185 F. Supp. 2d 747, 750-51 (E.D. Mich. 2002) (holding that a petitioner does not show how the factual predicate could not have been discovered earlier if he fails to indicate the steps he took to discover the claims). "The key to deciding whether evidence is 'newly discovered' or only 'newly available' is to ascertain when the defendant found out about the information at issue." *United States v. Turns*, 198 F.3d 584, 587 (6th Cir. 2000).

Here, although Petitioner suggests that he "did not know all the evidence [he] know[s] now" (§ 2254 Pet., ECF No. 1, PageID.12), Petitioner does not set forth any facts suggesting when

he discovered the factual predicate for his habeas claims. Thus, based on the allegations in the petition, Petitioner has not demonstrated that he is entitled to belated commencement of the limitations period under Section 2244(d)(1)(D).

In sum, the limitations period expired as of March 4, 2020, and Petitioner has failed to show cause to excuse the tardy filing of his Section 2254 petition. The Court, therefore, will issue a judgment dismissing the petition with prejudice.

### III.    Certificate of Appealability

The Court must also determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001) (per curiam). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.*

Petitioner's application is untimely and, thus, barred by the statute of limitations. Under *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), when a habeas petition is denied on procedural grounds, a certificate of appealability may issue only "when the prisoner shows, at least, [1] that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and [2] that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Both showings must be made to warrant the grant of a certificate. *Id*.

Reasonable jurists could not find it debatable whether Petitioner's application was timely. It is filed more than one year after the underlying judgment became final and he offers neither reason nor excuse why it is late. Therefore, a certificate of appealability will be denied.

11

Nonetheless, the Court does not conclude that any issue Petitioner might raise on appeal would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

### **Conclusion**

The Court will enter an order denying a certificate of appealability and a judgment dismissing the petition with prejudice as untimely.


Dated:    January 23, 2025                                /s/ Sally J. Berens
                                                                          SALLY J. BERENS
                                                                          United States Magistrate Judge